http://www.va.gov/vetapp16/Files5/1639911.txt

Citation Nr: 1639911 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 13-08 334 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona

THE ISSUE

Entitlement to additional vocational rehabilitation and employment benefits under Chapter 31, Title 38, United States Code.

REPRESENTATION

Appellant represented by: Arizona Department of Veterans Services

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

L. Cramp, Counsel

INTRODUCTION

The appellant is a veteran (the Veteran) who had active duty service from October 1995 to September 1997 and from October 1995 to September 1997. 

This appeal comes before the Board of Veterans' Appeals (Board) from a February 2012 rating decision of the VA Vocational Rehabilitation and Education Division at the RO in Flagstaff, Arizona.

In December 2014, the Veteran presented testimony at a Board hearing, chaired via videoconference by the undersigned Veterans Law Judge and accepted such hearing in lieu of an in-person hearing before a Member of the Board. See 38 C.F.R. § 20.700(e) (2016). A transcript of the hearing is associated with the claims file.

In March 2015, the Board remanded this appeal for additional evidentiary development. The appeal has since been returned to the Board for further appellate action. 

The appeal is again REMANDED to the RO via the Appeals Management Center (AMC) in Washington, DC. VA will notify the Veteran if further action is required

REMAND

In the March 2015 remand, the Board instructed the RO to arrange for an evaluation by a vocational rehabilitation counselor or counseling psychologist to determine: (1) whether the Veteran has a serious employment handicap as defined under 38 C.F.R. § 21.52; (2) whether the grant of an extension is necessary to accomplish the goals of the rehabilitation plan as required under 38 C.F.R. § 21.44, and if so, the length of the extension that is required; and (3) whether the achievement of a vocational goal is reasonably feasible as defined under 38 C.F.R. § 21.53. According to the Supplemental Statement of the Case, the Veteran was sent a VA Form 28-1900 (Application for Vocational Rehabilitation) in April 2015 and was asked to complete the form and return it, at which time an initial evaluation would be conducted. The Veteran did not return this necessary form, and no further development was conducted. 

The Board notes that, as of the date of this remand, the address of record in the VA Control and Locator System (VACOLS) was in Lake Havasu City, Arizona, which was the same address used by the RO in mailing the Supplemental Statement of the Case dated June 29, 2016, and presumably the VA Form 28-1900. However, VBMS contains a different address in Rochester Minnesota. The Veteran was sent a benefit summary letter on May 27, 2016 (Virtual VA record 06/03/2016, identified as "Tax Abatement Letter"), using the Minnesota address. A prescription request from the Veteran dated April 8, 2015, addressed to the VA Lake Havasu Primary Care Clinic states "I am trying to get this is fast as possible because I will be leaving Havasu [in ]roughly 45 days" (Virtual VA record 04/13/2015).

Based on the above correspondence, it appears likely that the Veteran has moved. While it is the Veteran's responsibility to keep VA apprised of his address, it would appear that VA has two different addresses in its systems and therefore he may well have done so. To preserve the Veteran's rights on appeal of this issue, the Board finds that an additional attempt should be made to conduct the development specified in the May 2015 remand once his current address is verified. 

RO compliance with a remand is not discretionary. If the AOJ fails to comply with the terms of a remand, another remand for corrective action is required. Stegall v. West, 11 Vet. App. 268 (1998).

Accordingly, the case is REMANDED for the following action:

1. Verify the Veteran's current address and update all pertinent VA systems.

2. Request that the Veteran identify any pertinent outstanding records. Take appropriate efforts to obtain any records identified. 

3. Arrange for an evaluation, by a vocational rehabilitation counselor or counseling psychologist to determine:

(1) Whether the Veteran has a serious employment handicap as defined under 38 C.F.R. § 21.52; 

(2) Whether extension is necessary to accomplish the goals of the rehabilitation plan as required under 38 C.F.R. § 21.44, and if so, the length of the extension that is required; and 

(3) Whether the achievement of a vocational goal is reasonably feasible as defined under 38 C.F.R. § 21.53. 

All counseling records, narrative reports, and medical records should be available to the individual making this determination.

4. Readjudicate the remanded claim. If the benefit sought on appeal is not granted, the Veteran and his representative should be provided a supplemental statement of the case and an appropriate time period for response. The case should then be returned to the Board for further consideration, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
JONATHAN B. KRAMER 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2016).